# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAMPBELL, et al.,<br><br>　　　　　Defendants. | Case No.  1:16-cv-00534-SKO (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIMS AGAINST OFFICERS CAMPBELL AND MILLER**<br><br>**(Docs. 1, 9)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## INTRODUCTION

### A.    Background

Plaintiff, Christopher Wilson, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

### B.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed

as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**C.     Summary of the Complaint**

Plaintiff complains of events that occurred while he was housed at Wasco State Prison ("WSP"). Plaintiff names Correctional Officers T. Campbell and Michelle Miller, Sergeant M. Dhout, Lieutenant C. Villanueva, and LVN Jones as defendants in this action. Plaintiff seeks monetary damages and declaratory relief.

Plaintiff alleges that on July 26, 2014, while held in the reception center at WSP, he was denied a religious meal. (Doc. 1, pp. 4-6.) He repeatedly attempted to speak with a sergeant; when he was ignored, he admittedly got upset and yelled "Fuck you bitch!" (*Id*.) Another inmate echoed his outburst and C/O Campbell waived his hand "as though he would take care of Plaintiff later." (*Id*.) C/O Campbell came to Plaintiff's cell, yelling for his cellmate to step out of the cell so Plaintiff could be escorted to speak with the sergeant. (*Id*.) Plaintiff alleges that, while he was in restraints and trying to exit the cell, C/O Campbell grabbed him in a choke-hold, leaving him unable to breathe. (*Id*.) C/O Campbell asked C/O Miller if she saw Plaintiff push him. (*Id*.) C/O Campbell then slammed Plaintiff to the concrete pavement and placed his knees on Plaintiff's back while smashing Plaintiff's face into the concrete. (*Id*.) C/O Miller assisted C/O Campbell hold Plaintiff down while C/O Campbell punched Plaintiff in the face and body while C/O Miller

punched his legs and back. (*Id.*) Plaintiff alleges that he neither resisted, nor struggled with them during this incident. (*Id.*)

Plaintiff alleges that LVN Jones failed to record his numerous injuries (*id.*, pp. 8-9) and that though he reported his condition to prison officials Sgt Dhot and Lt. Villanueva, they did not "exercise[] supervisory responsibility and prevent defendants from repeatedly striking Plaintiff" (*id.*, pp. 7, 9-10). Plaintiff alleges that these actions subjected him to excessive force and amounted to deliberate indifference to his serious medical needs.

As discussed in greater detail below, Plaintiff's allegations state a cognizable claim for excessive force in violation of the Eighth Amendment against C/Os Campbell and Miller. However, Plaintiff fails to state a cognizable claim against any of the other defendants. Plaintiff is thus given the choice of proceeding on the excessive force claim against C/Os Campbell and Miller, *or* filing a first amended complaint.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8,

and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

/ / /

/ /

**2.     Linkage**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Prisoners proceeding *pro se* in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

## DISCUSSION

**A.     Plaintiff's Claims**

**1.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Although *de minimis* uses of force do not violate the

Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Id.* at 9-10; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).

Plaintiff's allegations that, while he was handcuffed and compliant, C/O Campbell forced him to the ground and held him down while he and C/O Miller punched his entire body, state a cognizable excessive force claim against C/O Campbell and C/O Miller. However, Plaintiff fails to state an excessive force claim against any of the other defendants as he fails to state any allegations to link them to the alleged altercation. His allegation that "at no time did any of the other defendants present prevent defendants from repeatedly striking Plaintiff" are too generic and conclusory to show that any of the other defendants were present and able, but failed, to come to Plaintiff's assistance. *Lemire*, 726 F.3d at 1074-75.

### 2.     Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the

6

presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's injuries subsequent to allegedly being beaten by C/O Campbell and C/O Miller is accepted as serious medical needs.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy* 801 F.2d 1080, 1111 (9th Cir. 1986) *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (citing *Estelle*, 429 U.S. at 104-05); *see also Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith* 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) *McGuckin* 974 F.2d at 1059. Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905; *Hallett*, 296 F.3d at 744; *Lopez*, 203 F.3d at 1131; *Jackson*, 90 F.3d at 332; *McGuckin* 974 F.2d at 1059; *Hutchinson v.*

*United States,* 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff fails to show that C/O Campbell and C/O Miller delayed or interfered with medical treatment that Plaintiff required. The fact that C/O Campbell and C/O Miller allegedly inflicted injuries on Plaintiff during the altercation relates to Plaintiff's excessive force claim -- it does not give rise to a claim of deliberate indifference to Plaintiff's serious medical needs.

Plaintiff alleges that after he was beaten by C/O Campbell and C/O Miller, LVN Jones observed that Plaintiff had a "busted lip" and that he was "in pain and could barely walk." (Doc. 1, p. 8.) Plaintiff alleges that Defendant Jones "did not report it." (*Id.*) Failure to report Plaintiff's injuries does not necessarily equate to deliberate indifference. Plaintiff's allegations do not show that any such failure by LVN Jones interfered with his ability to obtain medical care for his injuries so as to state a cognizable claim for deliberate indifference to Plaintiff's serious medical needs.

### 3. Supervisory Liability

Plaintiff appears to seek liability against Sgt. Dhot and Lt. Villanueva simply because they hold supervisory positions. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Liability by a supervisor for "knowledge and acquiescence" in subordinates' wrongful discriminatory acts is likewise not cognizable. *Id.* "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state such a claim, a plaintiff must allege facts that show supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted);

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  An unconstitutional policy cannot be established by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985).  A single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question.  *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).

Plaintiff's allegations fail to show that Sgt. Dhot and Lt. Villanueva personally participated in the alleged beating; knew it was happening and failed to act to prevent it; or established a policy which led to C/O Campbell and C/O Miller beating Plaintiff.  Thus, Plaintiff fails to state a cognizable claim against Sgt. Dhot or Lt. Villanueva.

### 4. *Heck/Edwards* bar

Plaintiff's allegations imply that C/O Miller falsified a rules violation report against him based on the incident in which Plaintiff was allegedly subjected to excessive force.  (Doc. 1, pp. 5, 22-24.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id.* at 488.  This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits.  *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).

/ / /

Accordingly, before Plaintiff may proceed under section 1983, he must allege facts to show that any finding of guilt under the false report allegedly filed by C/O Miller has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Failure to do so will result in dismissal of this action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).

### 5. Declaratory Relief

Plaintiff also seeks declaratory relief. Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. *Rhodes*, 408 F.3d at 565-66 n.8. Therefore, Plaintiff may not pursue declaratory relief in this action.

### 6. Entry of Default

After filing this action, Plaintiff filed a request that default be entered against each of the defendants. (Doc. 9.) Default is appropriate where a defendant has been served and fails to file a response to the complaint in an action. Fed. R. Civ. P 55(a). Since Plaintiff is proceeding *in forma pauperis*, once he has stated a cognizable claim, he will be directed to submit documents for service which will be served by the United States Marshall ("USM"). Rule 4 of the Federal Rules of Civil Procedure requires that waivers of service of summons be attempted on all defendants located in the United States to reduce litigation costs. If waivers are not submitted, the USM will affect personal service. Defendants' responsive pleading will then become due. Since this action is at the screening stage, no defendants have been served so as to require them to file responsive pleadings. Plaintiff's request for entry of default is, therefore, disregarded as premature.

### CONCLUSION

Plaintiff is given the choice to file a first amended complaint, or to proceed on the claim found cognizable against Correctional Officer T. Campbell and Correctional Officer Michelle Miller for excessive force in violation of the Eighth Amendment. Plaintiff must either notify the Court of his decision to proceed on these cognizable claims, or file a first amended complaint

within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion requesting an extension no later than **twenty-one (21) days** from the date of service of this order.

If Plaintiff chooses to file a first amended complaint, he must demonstrate how the alleged conditions have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must

either:

    a.    file a first amended complaint curing the deficiencies identified by the Court in this order, or

    b.    notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the claim identified by the Court as viable/cognizable in this order;

4. If Plaintiff fails to comply with this order, this action will proceed only on the claim found cognizable herein and all other claims and Defendants will be dismissed with prejudice; and

5. Plaintiff's request for default (Doc. 9) is disregarded because it is premature.

IT IS SO ORDERED.

Dated:   **March 6, 2017**                           /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE