# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>CAMBELL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00534-AWI-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXCEED TWENTY-FIVE INTERROGATORIES WITHOUT PREJUDICE**<br><br>**(Doc. 39)** |

## INTRODUCTION

Plaintiff, Christopher Wilson, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint (Doc. 1) has been screened pursuant to 28 U.S.C. § 1915A and found to state cognizable claims against Correctional Officers T. Cambell and Michelle Miller for excessive force in violation of the Eighth Amendment. (Docs. 10, 12, 13.) The Discovery and Scheduling Order, opening discovery in this case, issued on September 13, 2017. (Doc. 32.) On December 4, 2017, Plaintiff filed a motion requesting to exceed the twenty five (25) interrogatory limit, to be allowed to propound one hundred (100) interrogatories in this action. (Doc. 40.)

For the reasons discussed below, Plaintiff's motion to compel Defendants to provide responses to interrogatories beyond the limit set by Rule 33 is DENIED without prejudice.

1

**LEGAL STANDARD**

Rule 33 defines the parameters of discovery via interrogatories. Parties are required to seek leave of court to propound more than twenty five interrogatories on another party. Fed. R. Civ. P. 33(a)(1). Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2). *Id.* In regular civil actions, the parties must provide initial disclosures as directed by Rule 26. However, subsection (a)(1)(B)(iv) of Rule 26 exempts "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" from those initial disclosures.

Regardless of whether Rule 26 disclosures have been made, "the court must limit the frequency or extent of discovery . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Courts have the power to limit the frequency and extent of any discovery method, Fed. R. Civ. Pro. 26(b) & (c), and may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. Pro. 26(c). Rule 26 further limits parties to discovery requests that are relevant to subject matter involved in a pending action, or reasonably calculated to lead to discovery of admissible evidence. *Epstein v. MCA, Inc.*, 54 F.3d 1422 (9th Cir. 1995), citing Fed. R. Civ. Pro. 26(b)(1). The party "seeking discovery must allege 'enough facts to raise a reasonable expectation that discovery will reveal' the evidence he seeks." *Dichter-Mad Family Partners, LLP*, 709 F.3d 749, 751 (9th Cir. 2013); *see also Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998).

**DISCUSSION**

Plaintiff fails to meet his burden as the party seeking discovery. The only basis Plaintiff presents to justify his need to propound one hundred interrogatories on the two defendants in this

action is that Plaintiff is indigent and cannot afford the costs to depose the defendants. Plaintiff does not show what discovery measures he has already utilized and whether they were insufficient. Plaintiff also fails to show what evidence he seeks, or state any facts to raise a reasonable expectation that the evidence will be obtained -- if he is allowed to propound one hundred interrogatories on the defendants.

Numerous cases are brought by indigent inmates in this courthouse every year. The majority of the inmates are able to conduct adequate discovery within the twenty-five interrogatory limit of Rule 33. Plaintiff fails to provide any basis to justify expanding this limit to one hundred interrogatories and the Court finds none.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to be allowed to exceed Rule 33's interrogatory limit to propound one hundred interrogatories on the defendants in this action, filed on December 4, 2017, (Doc. 39), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**December 19, 2017**__        _____/s/ *Sheila K. Oberto*_____
                                                                        UNITED STATES MAGISTRATE JUDGE