# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER WILSON,

          Plaintiff,

    v.

CAMBELL, et al.,

          Defendants.

Case No. 1:16-cv-00534-AWI-SKO (PC)

**FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**(Doc. 41)**

**TWENTY-ONE DAY DEADLINE**

### INTRODUCTION

Plaintiff, Christopher Wilson, is a state prisoner proceeding *pro se* and *in forma pauperis* filed this action pursuant to 42 U.S.C. §1983. On December 12, 2017, Defendants, Correctional Officers T. Campbell ("C/O Campbell") and Michelle Miller ("C/o Miller"), filed a motion for summary judgment raising Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a) prior to filing suit. (Doc. 41.) Plaintiff filed his opposition.[1] (Docs. 45-48.) Defendants filed their reply. (Doc. 49.)[2] The motion is deemed submitted. L.R. 230(*l*). For the reasons discussed below, the Court finds that Defendants' motion should be GRANTED.

/ / /

---

[1] Defendants and the Court provided notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies with Defendants' moving papers as well in as separate order from this Court. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998). (Docs. 41-5, 42.)

[2] Plaintiff filed a sur-reply (Doc. 50), which is disregarded since not allowed under the Federal Rules of Civil Procedure (hereinafter "Rule") or this Court's Local Rules.

**FINDINGS**

A.      **Legal Standards**

1.      **Summary Judgment Standard**

The failure to exhaust is an affirmative defense which the defendants bear the burden of raising and proving on summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[3]  *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).

On summary judgment, Defendants must first prove that there was an available administrative remedy which Plaintiff did not exhaust prior to filing suit.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172).  If Defendants carry their burden of proof, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*

Plaintiff's filings must be liberally construed because he is a *pro se* prisoner.  *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).  All inferences must be drawn in the light most favorable to Plaintiff as the nonmoving party.  *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).  Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

A defendant is only entitled summary judgment if the undisputed evidence viewed in the light most favorable to the prisoner shows that administrative remedies were available to Plaintiff which he failed to exhaust.  *Williams*, at 1166.  The action should then be dismissed without prejudice.  *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

/ / /

---

[3] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

## 2. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies prior to filing suit. *Jones*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Where, as here, a prisoner proceeds in an action under § 1983 on an amended complaint, the PLRA is satisfied if the inmate exhausted administrative remedies after the filing of the original complaint, but prior to the filing of the amended complaint. *Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010). The key is that the claims must be "new" and the events giving rise to them did not occur until after the filing of the original complaint, and the precipitating events of the new claim(s) must be related to the events alleged in the original complaint. *Id.* Therefore, where the events a claim is based on occurred before the filing of the original complaint, the claim is not "new" and must have been exhausted before the filing of the original complaint. *Id.*

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Inmates must adhere to the "critical procedural rules" specific to CDCR's process. *Reyes v. Smith,* --- F.3d ---, 2016 WL 142601, *2 (9th Cir. Jan. 12, 2016). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002), regardless of the relief both sought by the prisoner and offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858 (June 6, 2016). An inmate is required to exhaust only those grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Id.* at 1858-59, citing *Booth v. Churner,* 532 U.S. 731, 738 (2001). However, "a prisoner need not press on to exhaust further levels of review once

he has [ ] received all 'available' remedies." *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

On summary judgment, Defendants must first prove that there was an available administrative remedy which Plaintiff failed to exhaust prior to filing suit. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172). If Defendants carry their burden of proof, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Williams*, at 1166. The action should then be dismissed without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### 3. Summary of CDCR's Inmate Appeals Process

The California Department of Corrections and Rehabilitation ("CDCR") has a generally available administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners welfare, Cal. Code Regs., tit. 15, § 3084, *et seq*. Compliance with section 1997e(a) requires California state prisoners to use that process to exhaust their claims. *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010).

As of 2011, a CDCR inmate initiates the grievance process by submitting a Form 602, colloquially called an inmate appeal ("IA"), describing "the problem and action requested." Cal. Code Regs., tit. 15, § 3084.2(a). An IA must be submitted within 30 calendar days of the event or decision being appealed, first knowledge of the action or decision being appealed, or receipt of an unsatisfactory departmental response to an appeal filed. Tit. 15 § 3084.8(b). The inmate is limited to raising one issue, or related set of issues, per IA in the space provided on the first page of the IA form and one attached page (which must be on the prescribed Attachment form "602-A") in which the inmate shall state all facts known on that issue. Tit. 15 § 3084.2(a)(1),(2), & (4). All involved staff members are to be listed along with a description of their involvement in the

issue.  Tit. 15 § 3084.2(a)(3).  Originals of supporting documents must be submitted with the IA; if they are not available, copies may be submitted with an explanation why the originals are not available, but are subject to verification at the discretion of the appeals coordinator.  Tit. 15 § 3084.2(b).  With limited exceptions, an inmate must initially submit the IA to the first-level.  Tit. 15 § 3084.7.  If dissatisfied with the first-level response, the inmate must submit the IA to the second-level within thirty days, and thereafter to the third-level.  Tit. 15 § 3084.2, & .7.  First and second-level appeals must be submitted to the appeals coordinator at the institution for processing.  Tit. 15 § 3084.2(c).  Third-level appeals must be mailed to the Appeals Chief via the United States Postal Service.  Tit. 15 § 3084.2(d).

### B.    Defendants' Motion on Exhaustion per 42 U.S.C. § 1997e(a)[4]

Defendants contend that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  (Doc. 41.)  The Court must determine if Plaintiff filed any IAs concerning the allegations on which he is proceeding in this action, and if so, whether Plaintiff complied with CDCR's process; and if Plaintiff did not comply with CDCR's process, whether the process had been rendered unavailable to him.  *Ross*, 136 S. Ct. at 1859; *Sapp*, 623 F.3d at 823.  Defendants state that Plaintiff filed two IAs on the claims raised in this action, but that neither claim was properly exhausted.  Defendants maintain that Plaintiff's first IA regarding the events of this lawsuit was rejected at the third level of review because he failed to first submit it for lower level review and never received a log number.  Defendants contend that Plaintiff's second inmate grievance, WSP-D-14-03540, was rejected at the third level of review due to missing documentation which Plaintiff never submitted despite receiving instruction to do so.

### 1.    Plaintiff's Excessive Force Claim

Plaintiff alleges that on July 26, 2014, while held in the reception center at Wasco State Prison, he was denied a religious meal for which he repeatedly attempted to speak to a sergeant.  (Doc. 1, pp. 4-6.)  Plaintiff admits he got upset when he was ignored and yelled "Fuck you bitch!" (*Id*.)  Another inmate echoed Plaintiff's outburst and C/O Campbell waived his hand "as though

---

[4] All references to pagination of specific documents pertain to those indicated on the upper-right corners via the CM/ECF electronic court docketing system.

he would take care of Plaintiff later." (*Id*.) C/O Campbell then came to Plaintiff's cell, yelling for his cellmate to step out of the cell so Plaintiff could be escorted to speak with the Sergeant. (*Id*.) Plaintiff alleges that, while he was in restraints and attempted to exit the cell, C/O Campbell grabbed him in a choke-hold preventing Plaintiff from being able to breathe. (*Id*.) C/O Campbell asked C/O Miller if she saw Plaintiff push him. (*Id*.) C/O Campbell then slammed Plaintiff to the concrete pavement and placed his knees on Plaintiff's back and smashed Plaintiff's face into the concrete. (*Id*.) C/O Miller assisted C/O Campbell hold Plaintiff down while C/O Campbell punched Plaintiff in the face and body while C/O Miller punched his legs and back. (*Id.*) Plaintiff alleges that he neither resisted, nor struggled with them during this incident. (*Id.*)

### a. Plaintiff's IAs

Defendants' evidence shows that, on August 28, 2014, an inmate appeal from Plaintiff was received at the third level of review. (DUF No. 20.) In this grievance, Plaintiff alleged that on July 26, 2014, he had been assaulted by C/Os Campbell and Miller. (DUF No. 21.) In the grievance, Plaintiff stated he was submitting it directly to the third level of review without first proceeding through the lower levels of review. (DUF No. 22.) On October 3, 2014, the appeal was rejected at the third level of review because Plaintiff had improperly attempted to bypass the required lower levels of review. (DUF No. 23.) Plaintiff was advised that he "should take the corrective action necessary and resubmit his appeal." (DUF No. 24.) This appeal was never re-submitted for third-level review. (DUF No. 25.)

Defendants' evidence also shows that before the first IA was even rejected, Plaintiff filed a second IA, WSP-D-14-03540, which was received on September 17, 2014. (DUF No. 26.) In IA 03540, Plaintiff alleged that on July 26, 2014, he had been denied his religious meal. (DUF No. 27.) Plaintiff stated that he complained about this to C/Os Campbell and Miller and expressed a desire to see the Sergeant. (DUF No. 28.) Upon exiting the cell to see the Sergeant, C/O Campbell allegedly grabbed Plaintiff around the neck and began aggressively choking him. (DUF No. 29.) Plaintiff stated in his grievance that he was then knocked to the ground where the assault from C/O Campbell and other responding staff continued. (DUF No. 30.)

Defendants' evidence further shows that after receiving a bypass at the first level of review, IA 03540 was partially granted at the second level—an appeal inquiry was completed and all issues were determined to have been adequately addressed. (DUF No. 31.) The second level also determined that staff did not violate any CDCR policies. (DUF No. 32.)

On November 14, 2014, IA 03540 was received for third-level review. (DUF No. 33.) On February 1, 2015, it was screened out with instructions for Plaintiff to remove a handwritten narrative. (DUF No. 34.) On February 17, 2015, IA 03540 was again received for third-level review with a notation by Plaintiff that the "letter has been removed." (DUFs No. 35, 36.) On May 15, 2015, IA 03540 was screened out because it was missing specific necessary supporting documents. (DUF No. 37.) Plaintiff was informed that IA 03540 was missing the crime/incident report, the medical report of injury or unusual occurrence, and the rules violation report. (DUF No. 38.) Plaintiff was also advised that he "should take the corrective action necessary and resubmit the appeal." (DUF No. 39.) Defendants' evidence shows that Plaintiff did not comply with the latter instruction. (DUF No. 40.) Plaintiff acknowledges that there was no final decision on the merits of his appeal at the third level, and that when he "appealed to the third level, a decision was rendered that documents were missing." (DUF No. 41.)

The Court finds that Defendants have met their burden to demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Plaintiff is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of his contention that a dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11; *First Nat'l Bank,* 391 U.S. at 289; *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973).

Plaintiff raises several arguments in opposition to Defendants' motion. First, Plaintiff appears to argue that he was not required to obtain a Third Level Review of IA 03540 since the Second Level Review noted it was partially granted and led to a staff complaint inquiry by the institution, and that Plaintiff's only outstanding request was for money, which is not available through the IA process. (*Id.*, p. 3.) An inmate exhausts the administrative process when the

prison officials purport to grant relief that resolves the issue in the grievance to the inmate's satisfaction. *Harvey v. Jordan*, 605 F.3d 681, 684-85 (9th Cir. 2010) (finding prisoner had exhausted where his inmate appeal received a "partial grant" of his first request – "An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies"). However, this must be tempered by whether the entire relief requested was granted and whether the inmate has been "reliably informed by an administrator that no [further] remedies are available." *Id.*, at 683-84 (citations and quotations omitted).

The plaintiff in *Harvey*, received a partial grant of his IA at the first-level which resolved the issue raised. In *Harvey*, on August 12, 2004, prison officials gave the plaintiff a "115 notice of disciplinary charges" for his alleged failure to comply with a search of his cell that occurred on July 29, 2004. Prison regulations require a hearing within thirty days of such a notice and certain privileges are revoked pending the hearing. As of January 3, 2005, Plaintiff had not been given a disciplinary hearing, and filed a grievance requesting either that he be given a hearing with the video tape of his cell extraction on the date in question, or that the "115 be dropped and [his] status be given back." Prison officials granted Harvey's request in a decision dated February 23, 2005, and informed him he could appeal within fifteen working days if he was "not satisfied" with that resolution. The Ninth Circuit held that Harvey need not appeal further since the ruling on his grievance granted his request – i.e., a hearing with the videotape would take place. Harvey was satisfied and did not appeal. It was only after six months without the hearing that Harvey filed an appeal to obtain the promised hearing.

Although Plaintiff apparently contends he was satisfied by the second-level review of IA 05340, his actions of twice attempting to pursue it beyond the second-level undercut this assertion, which distinguishes this case from the scenario presented in *Harvey*. Further, nothing in the Second Level Review of IA 03540 implied that no further remedies were available as required by *Harvey*. To the contrary, the last page of the Second Level Review of IA 03540 expressly stated:

. . .

- Allegations if staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

(Doc. 45, p. 29.) There was no verbiage in the Second Level Review of IA 03540 that stated or implied that Plaintiff need only file for Third Level Review if he was unsatisfied with the Second Level Review. (*Id.*, pp. 28-29.) Rather, it explicitly instructed that Plaintiff was required to obtain Third Level Review to exhaust available administrative remedies. Further, Plaintiff admits that he sought monetary damages in IA 03540, (*id.*, p. 3), which was not awarded at the Second Level of Review (*id.*, pp. 28-29). Based on this, it cannot be found that Plaintiff was satisfied with the partial grant he received at the Second Level Review. Nor is there any evidence that Plaintiff was "reliably informed by an administrator that no [further] remedies are available." *Harvey*, at 683-84.

Plaintiff further argues that IA 03540 was twice incorrectly rejected at the Third Level. (Doc. 45, pp. 6-9.) Plaintiff contends that because the rejections were in error, he should be deemed to have complied with the grievance system and properly exhausted the remedies that were available to him. (*Id.*, p. 9.) Plaintiff first contends that that the short handwritten note which was first returned to him was not prohibited by section 3084.6(b), thereby rendering the first rejection of it in error. (*Id.*, p. 8.) However, section 3084.2(a) requires that inmates

use a CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, to describe the specific issue under appeal and the relief requested. A CDCR Form 602-A (08/09), Inmate/Parolee Appeal Form Attachment, which is incorporated by reference, shall be used if additional space is needed to describe the issue under appeal or the relief requested.

Subsection (a)(2) of 3084.6 states that inmates are "limited to the space provided on the Inmate/Parolee Appeal form and one Inmate/Parolee Appeal Form Attachment to describe the specific issue and action requested." Further, section 3084.6(b)(14) provides for rejection of an appeal that is ". . . not submitted . . . on the departmentally approved appeal forms." Plaintiff

provides no evidence to establish that the handwritten note Plaintiff attached to IA 03540 for the Third Level Review was on the required form.  Plaintiff also fails to set forth any facts to establish that he was allowed to add a handwritten note to an IA submitted for Third Level Review—and the Court finds none.  Plaintiff's alternative argument that "the Chief of Appeals could have simply discarded and disregarded the letter" is unavailing since it is not allowed by the California Codes of Regulations for the processing and handling of IAs.  Thus, IA 03540 was properly rejected the first time Plaintiff submitted it for Third Level Review because of the handwritten note Plaintiff attached to it.

The second time Plaintiff submitted IA 03540 to the Third Level, he removed the handwritten note, but it was rejected for missing documents:  CDC Form 837, Crime/Incident Report; CDC Form 7219, Medical Report of Injury or Unusual Occurrence; and CDC Form 115 Rules Violation Report.  (Doc. 45, p. 20.)  Plaintiff contends that it was improperly rejected because these forms apply to appeals for disciplinary actions, not staff complaints.  (*Id.*, pp. 8-9.)  Since IA 03540 was a staff complaint, Plaintiff argues that §3084.9(i) only requires a CDC Form 1858 which he initially attached.  (*Id.*)

Plaintiff correctly states that section 3084.9(i) addresses inmate appeals alleging misconduct by prison staff, i.e. "staff complaints."  Section 3084.9(i)(5) states that a "staff complaint alleging excessive or inappropriate use of force shall be addressed pursuant to the procedures described in sections 3268 through 3268.2."  Section 3268 is the CDCR's general use of force policy.  Section 3268.1 pertains to reporting and investigating the use of force for prison staff and Section 3268.2 addresses the use of restraints.  None of these sections mention a CDC Form 1858, let alone establish that it is the only supporting evidence Plaintiff was required to submit with IA 03540.

Further, section 3084.3(a) provides that "[a]n inmate or parolee shall obtain and attach all supporting documents, as described in section 3084(h), necessary for the clarification and/or resolution of his or her appeal issue prior to submitting the appeal to the appeals coordinator."  Section 3084(h) defines supporting documents as:

documents that are needed to substantiate allegations made in the appeal including, but not limited to, classification chronos, property inventory sheets, property receipts, disciplinary reports with supplements, incident reports, notifications of disallowed mail, trust account statements, memoranda or letters, medical records and written requests for interviews, items or services. Supporting documents do not include documents that simply restate the matter under appeal, argue its merits, or introduce new issues not identified in the present appeal form.

Section 3084.3(c) provides that

[f]ailure to attach all necessary supporting documents may result in the appeal being rejected as specified in subsection 3084.6(b)(7). The appeals coordinator shall inform the inmate or parolee that the appeal is rejected because necessary supporting documents are missing. The appellant shall be allowed an additional 30 calendar days to secure any missing supporting documents and resubmit the appeal.

Section 3084.6(b)(7) provides for rejection of an IA because it "is missing necessary supporting documents as established in section 3084.3." Thus, the second rejection of IA 03540 at the Third Level of Review directed Plaintiff to submit three supporting documents as allowed by section 3084(h): the crime/incident report, the medical report of injury, and the rules violation report from the incident. The rejection letter instructed Plaintiff that he could request copies of the forms via his assigned counselor. The requested forms would have provided a full picture of the event that allegedly constituted an excessive use of force and would have allowed for a full investigation. As such, it was not error for the Third Level of Review to require Plaintiff to submit these three forms.

Plaintiff did not resubmit IA 03540 with the requested forms. Notably, Plaintiff did not submit *any* evidence to establish that he did not submit the requested forms because they do not exist. Thus, the Court finds that the rejections of IA 03540 at the Third Level of Review were neither erroneous, nor rendered the grievance process unavailable to Plaintiff.

Finally, Plaintiff contends that Defendants have failed to establish that the Third Level Review of IA 03540 would have provided him any further relief other than what he received at the Second Level Review. (Doc. 45, pp. 3-6.) Plaintiff maintains that while Defendants show that he could have appealed to the Third Level, their motion is deficient because they failed to show what further relief was available to Plaintiff on Third Level Review. (*Id.*) Plaintiff

contends he was not required to resubmit IA 03540 to the Third Level again since there was no possible further relief other than receipt of a notice that he had exhausted his administrative remedies. (*Id.*, p. 10.) It is true that IA 03540 was partially granted at the Second Level Review because the appeal inquiry was "complete/has been reviewed and all issues were adequately addressed." (Doc. 45, p. 28-29.) However, for the reasons previously discussed, the court cannot find that Plaintiff was satisfied with the partial grant he received at the Second Level Review, and there is no evidence that Plaintiff was "reliably informed by an administrator that no [further] remedies are available." *Harvey*, at 683-84.

Further, Defendants do not have a burden to show what, if any, specific benefit Plaintiff would have obtained by a Third Level Review. As noted above, the exhaustion requirement applies to all suits relating to prison life, *Porter*, 435 U.S. at 532, regardless of the relief both sought by the prisoner and offered by the process, *Booth*, 532 U.S. at 741. The Supreme Court has specifically declined to read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise. *Id.*, at n. 6, (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *cf. Weinberger v. Salfi*, 422 U.S. 749, 766-767 (1975)). Instead, it specifically held "that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Plaintiff was required to pursue Third Level Review on IA 03540 and to comply with the document submission requirements imposed by the last rejection. Plaintiff's failure to do so was not excused.

Finally, Plaintiff contends that prior to filing IA 05340, on July 29, 2014, he submitted an IA which was not logged and to which he never received a response. (Doc. 45, p. 1.) However, Plaintiff fails to produce any evidence to establish that any such July 29, 2014 IA provided sufficient notice to prison staff of his claims in this action. *Sapp*, 623 F.3d at 824. Plaintiff also fails to submit any evidence to show that his efforts to file the July 29, 2014 IA complied with applicable prison procedures. *Williams*, 775 F.3d at 1191-92. Plaintiff's only statements regarding a July 29, 2014 IA are as follows: "On July 29, 2014, Plaintiff filed a CDCR 602 alleging that staff used unnecessary and excessive force on his. This grievance was never logged

or responded to." (Doc. 45, p. 1.)  This is insufficient to demonstrate that (1) the July 29, 2014 IA adequately grieved the July 26, 2014 incident of excessive force and (2) he complied with the applicable process, which was rendered effectively unavailable by actions or inactions of prison staff.  *Id.*

Plaintiff has failed to present evidence sufficient to establish that a genuine issue of material fact exists regarding his efforts to exhaust available administrative remedies prior to filing suit in compliance with 42 U.S.C. § 1997e(a).  *Matsushita Elec. Indus. Co.,* 475 U.S. at 586.  Accordingly, Defendants' motion should be granted.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment, filed on December 12, 2017 (Doc. 41), be **GRANTED** and this action be dismissed without prejudice based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.[5]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 15, 2018**__          _____ /s/ *Sheila K. Oberto* _____

UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff's motion to compel discovery, filed on January 29, 2018, (Doc. 51), should be disregarded since it will be rendered moot if these findings and recommendations are adopted .